UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

Plaintiff,

v.

**ZAHIR SHAH,**

Defendant.
_______________________________/

**HONORABLE AVERN COHN**

**No. 17-20467**

**PLEA HEARING**

**Thursday, May 17, 2018**

Appearances:

Rebecca Szucs
Howard Locker
U.S. Attorney's Office
211 W. Fort Street, #2300
Detroit, Michigan 48226
(313) 226-9100
On behalf of Plaintiff

Douglas R. Mullkoff
Kessler & Mullkoff
402 West Liberty
Ann Arbor, MI 48103-4343
(734) 761-8585
On behalf of Defendant

\- - -

*To obtain a certified transcript, contact:*
*Sheri K. Ward, Official Court Reporter*
*Theodore Levin United States Courthouse*
*231 West Lafayette Boulevard, Room 219*
*Detroit, Michigan 48226*
*(313)234-2604 · ward@transcriptorders.com*

*Transcript produced using machine shorthand and CAT software.*

*Plea Hearing*
*Thursday, May 17, 2018*

**I N D E X**

| Proceedings | Page |
|---|---|
| Plea Hearing | 6 |
| Factual Basis for the Plea | 12 |
| Findings of the Court | 16 |
| Certification of Reporter | 18 |

\- - -

**E X H I B I T S**

| Number | Description | Id'd | Rcvd | Vol. |
|---|---|---|---|---|

***None Marked, Offered or Received***

\- - -

Detroit, Michigan

Thursday, May 17, 2018

11:02 a.m.

- - -

**THE CLERK:** Calling Case Number 17-20467, *United States v. Shah*.

You may be seated.

Please come up to the podium and state your name for the record.

**THE COURT:** Push that forward. Get it right up.

**MS. SZUCS:** Good morning, Your Honor.

**THE CLERK:** State your name for the record.

**THE COURT:** Are you pleading guilty or is he?

**MR. MULLKOFF:** He will be.

**THE COURT:** All right. Then he should be center.

**MR. MULLKOFF:** Very good.

**THE CLERK:** Now please state your name for the record.

**MS. SZUCS:** Good morning, Your Honor. Rebecca Szucs and Howard Locker on behalf of the United States.

**MR. MULLKOFF:** Doug Mullkoff. I represent Zahir Shah.

**THE COURT:** Okay. You are Zahir Shah?

**THE DEFENDANT:** Yes.

**THE COURT:** And you are here to plead guilty to the

First Superseding Indictment?

**MR. MULLKOFF:** We are here to plead guilty to Counts 1 and 2 of the indictment.

**THE COURT:** 1 and 2?

**MR. MULLKOFF:** 1 and 2, and the government has agreed to dismiss the remaining counts.

**THE COURT:** Okay.

**MR. MULLKOFF:** If I may address you, Judge?

**THE COURT:** Yes. Use the microphone.

**MR. MULLKOFF:** Yes. I have taken the -- we are pleading guilty without a Rule 11 Agreement. We have just stated the entire agreement. Counts 1 and 2 guilty plea. Counts 3, 4, 5 and 6 dismissed. That's the entirety of the agreement, and for ease of this morning, I have used a highlighter with the superseding indictment and marked the pages that we're going to track to put on this factual basis. I have a copy for you.

**THE COURT:** Hand it up.

Is the forfeiture substantive?

**MS. SZUCS:** There are forfeiture allegations in the indictment, and forfeiture will be a part of the sentence, Your Honor.

**THE COURT:** What's being forfeited?

**MS. SZUCS:** The government will move for a judgment of forfeiture as part of the sentence.

**THE COURT:** You dropped your voice.

**THE CLERK:** You've got to talk into the microphone.

**MS. SZUCS:** The government will be seeking a forfeiture judgment at the time of sentencing, Your Honor. At this point no assets have been seized.

**THE COURT:** That's what I say, it's not substantive?

**MS. SZUCS:** Yes, Your Honor.

**THE COURT:** Okay. Thank you.

**MR. MULLKOFF:** Judge, I would like to further state that the green tabs are referencing Count 1. The blue tabs are referencing Count 2.

**THE COURT:** All right.

What's the difference between Count 1 and Count 2?

**MR. MULLKOFF:** Count 1 -- they are almost identical. However, Count 1 is Wire Fraud. Count 2 is a separate statute, the Federal Anti-Kickback Statute, so the conduct can violate both because the added element of using Wire Fraud doesn't exist in the other charge.

**THE COURT:** How does that affect the guidelines?

**MR. MULLKOFF:** It affects the guidelines in a big way. The Anti-Kickback Statute carries a five-year maximum sentence, but by charging Wire Fraud, it brings it up to a 20-year offense.

**THE COURT:** 20-year minimum?

**MR. MULLKOFF:** No, 20-year maximum.

**THE COURT:** Maximum. But how does that affect the guidelines?

**MR. MULLKOFF:** The guidelines are exponentially greater.

**THE COURT:** Okay. Well, we'll see what happens. Okay.

You are Zahir Shah?

**THE DEFENDANT:** Yes.

**THE COURT:** Before accepting your guilty plea I have some questions to ask to be sure it's a good plea and you know what you're doing.

**THE DEFENDANT:** Yes, sir.

**THE COURT:** If you don't understand a question, say so. If you want to talk to your lawyer, say so. Do you understand that?

**THE DEFENDANT:** Yes.

**THE COURT:** Okay. Swear the defendant.

**THE CLERK:** Please raise your right hand.

\- - -

**ZAHIR SHAH,**

being first duly sworn to tell the truth, was examined and testified upon his oath as follows:

**THE COURT:** Okay. Do you understand if you don't answer a question truthfully you can be charged with perjury?

**THE DEFENDANT:** Yes.

**THE COURT:** You have to speak up.

**THE DEFENDANT:** Yes.

**THE COURT:** How old are you?

**THE DEFENDANT:** I'm 47.

**THE COURT:** How far did you go in school?

**THE DEFENDANT:** I'm sorry? Can you repeat?

**MR. MULLKOFF:** How far did you go in school?

**THE DEFENDANT:** Bachelor degree, a Bachelor.

**THE COURT:** Okay. Have you ever been under a doctor's care or in a hospital for drug addiction?

**THE DEFENDANT:** No.

**THE COURT:** Citizen of the United States?

**THE DEFENDANT:** Yes.

**THE COURT:** Have you had any drugs or medicine or anything to drink in the last 24 hours?

**THE DEFENDANT:** No.

**THE COURT:** Do you have a lawyer?

**THE DEFENDANT:** Yes.

**THE COURT:** Had a chance to talk to your lawyer?

**THE DEFENDANT:** Yes.

**THE COURT:** Are you satisfied with your lawyer?

**THE DEFENDANT:** Yes.

**THE COURT:** Do you understand under our Constitution and laws you are entitled to a jury trial on the charges

against you?

**THE DEFENDANT:** Yes.

**THE COURT:** Do you understand at a trial you would be presumed innocent and the government would have to overcome the presumption, prove you guilty by competent evidence and beyond a reasonable doubt, and you would not have to prove you were innocent?

**THE DEFENDANT:** Can you repeat the question, I'm sorry, please?

**THE COURT:** Do you understand that?

**THE DEFENDANT:** Yes.

**THE COURT:** Do you understand that if there was a trial witnesses for the government would have to come into the courtroom and testify in front of you, and your lawyer could cross-examine the witnesses, object to the evidence offered by the government and offer evidence on your behalf?

**THE DEFENDANT:** Yes.

**THE COURT:** Do you understand if there was a trial you would have the right to use subpoenas to force the attendance of witnesses whether they wanted to come into the courtroom or not?

**THE DEFENDANT:** Yes.

**THE COURT:** You've got to say yes or no.

**THE DEFENDANT:** Yes.

**THE COURT:** Do you understand if there was a trial

you would have the right to testify if you wanted to, you would have the right not to testify, and no inference or suggestion of guilt could be drawn from the fact you did not testify?

**THE DEFENDANT:** Yes.

**THE COURT:** Do you understand if you plead guilty and I accept your plea you waive your right to a trial and all of the other rights I have described and there will not be a trial, I will simply enter a judgment of guilty and sentence you on that basis?

**THE DEFENDANT:** Yes.

**THE COURT:** If you plead guilty, you also understand you waive your right not to incriminate yourself since I may ask you questions about what you did to satisfy myself that you are guilty and you will have to acknowledge the fact that you are guilty?

**THE DEFENDANT:** Yes.

**THE COURT:** In considering all of that, are you willing to give up all of these rights and plead guilty?

**THE DEFENDANT:** Yes.

**THE COURT:** Have you read the indictment?

**THE DEFENDANT:** Yes.

**THE COURT:** Have you discussed with your lawyer the government's charges, particularly the charges to which you intend to plead guilty to?

**THE DEFENDANT:** Yes.

**THE COURT:** Do you understand in Count 1 you are charged with Wire Fraud and in Count 2 you are charged with violating the Anti-Kickback Statute?

**THE DEFENDANT:** Yes.

**THE COURT:** Do you know the maximum sentence on the Wire Fraud under the law?

**THE DEFENDANT:** Yes.

**THE COURT:** What?

**THE DEFENDANT:** Maximum 20 years.

**MR. MULLKOFF:** Maximum 20 years, he said.

**THE COURT:** And do you know the maximum under the Anti-Kickback Statute?

**THE DEFENDANT:** Yes. Five years.

**THE COURT:** Has anyone threatened you or forced you to plead guilty or told you if you don't plead guilty other charges will be brought against you?

**THE DEFENDANT:** No.

**THE COURT:** Has anyone made any prediction or prophesy to you --

**THE DEFENDANT:** No.

**THE COURT:** -- or promise as to what your sentence will be?

**THE DEFENDANT:** Can you repeat the question? I'm sorry.

**MR. MULLKOFF:** Did anyone promise you what your

sentence would be?

**THE DEFENDANT:** Promise?

**THE COURT:** No, has anyone told you, look, Judge Cohn is going to do this or that?

**THE DEFENDANT:** No, no.

**THE COURT:** Okay. By the way, what is the guideline score for Count 1?

**MR. MULLKOFF:** It's in dispute, Judge, and we're --

**THE COURT:** It may be in dispute, but --

**MR. MULLKOFF:** I'll leave it to the government to say what they think.

**THE COURT:** I'll ask that of the government.

**MS. SZUCS:** Yes, Your Honor. The government's position, the government's position at the time of sentencing is that the guidelines for the defendant will be an anticipated offense level of 34.

**THE COURT:** 34?

**MS. SZUCS:** Yes, Your Honor.

**THE COURT:** Yeah.

**MS. SZUCS:** And that equates to 151 to 188 months.

**THE COURT:** Okay. What's the amount that the government claims was involved?

**MS. SZUCS:** Approximately $8 million, Your Honor.

**THE COURT:** And how about Count 2, what's the guideline score?

**MS. SZUCS:** For purposes of scoring the guidelines, Count 1 and Count 2 will be combined.

**THE COURT:** Okay.

Did you, as charged in Count 1, engage in Wire Fraud as alleged in the indictment or in those portions of the indictment which your lawyer has highlighted?

**THE DEFENDANT:** Yes.

**THE COURT:** And did you engage in violating the Anti-Kickback Statute, as charged in Count 2, in the fashion that your lawyer highlighted in the indictment?

**THE DEFENDANT:** Yes.

**THE COURT:** Tell me what you did.

First of all, you are a doctor, right?

**THE DEFENDANT:** Physical therapist.

**THE COURT:** Physical therapist, okay.

**MR. MULLKOFF:** Could I proceed with question and answer, Judge?

**THE COURT:** Go ahead.

**MR. MULLKOFF:** All right. Were you a person who was registered to be a health care provider with Medicare so that you could bill Medicare for physical therapy services?

**THE DEFENDANT:** Yes.

**MR. MULLKOFF:** And with respect to Count 1, the Wire Fraud count, did you conspire with others, including Sana Kassab and Johnny Younan, to carry out a scheme to defraud

the health care benefit program, Medicare Fraud, and do you agree that that affected commerce?

**THE DEFENDANT:** Yes.

**MR. MULLKOFF:** Did you develop a scheme with them to, by means of false statements, cause to be transmitted in interstate commerce communications, writings for the purpose of billing and carrying out this conspiracy?

**THE DEFENDANT:** Yes.

**MR. MULLKOFF:** Was one of the purposes of the conspiracy for you to pay kickbacks for the purpose of having Medicare patients referred to you?

**THE DEFENDANT:** Yes.

**MR. MULLKOFF:** And you know from a document you signed that you were ineligible to bill for Medicare if you received referral fees or kickbacks from a third party, right?

**THE DEFENDANT:** Yes.

**MR. MULLKOFF:** And you diverted the money that you received from Medicare for your own personal use and the benefit of your coconspirators, correct?

**THE DEFENDANT:** Yes.

**MR. MULLKOFF:** You signed a certification that you would refrain from violating the Antikickback law?

**THE DEFENDANT:** Yes.

**MR. MULLKOFF:** On June 22 of 2011 you had that certificate transmitted by means of interstate wire?

**THE DEFENDANT:** Yes.

**MR. MULLKOFF:** And, notwithstanding the certification, you did pay money to Sana Kassab and Johnny Younan and others in exchange for the referral of Medicare beneficiaries for home health care services billed to Medicare?

**THE DEFENDANT:** Yes.

**MR. MULLKOFF:** Judge, I believe that's an adequate factual basis for Count 1. Can I go on to Count 2?

**THE COURT:** Go ahead.

**MR. MULLKOFF:** With respect to Count 2, you are pleading guilty to conspiring to pay health care kickbacks, correct?

**THE DEFENDANT:** Yes.

**MR. MULLKOFF:** And with these same individuals you just named did you knowingly pay money to them for referring an individual or individuals to arrange for physical therapy services that would be billed in whole or part by Medicare?

**THE DEFENDANT:** Yes.

**MR. MULLKOFF:** And you caused payments to be made by them on some specific dates?

**THE DEFENDANT:** Yes.

**MR. MULLKOFF:** I'll ask you to confirm these three transactions. Is it true that on April 26, 2013 you transmitted $2,200 to Johnny Younan in exchange for his

referring Medicare beneficiaries to you for home health services?

**THE DEFENDANT:** Yes.

**MR. MULLKOFF:** On November 7, 2013 is it true that you transferred $5,500 to him, the same individual, for referring Medicare beneficiaries for home health care physical therapy?

**THE DEFENDANT:** Yes.

**MR. MULLKOFF:** And, finally, January 3, 2014, is it true that you caused to be paid $700 to Sana Kassab for referring Medicare beneficiaries for physical therapy?

**THE DEFENDANT:** Yes.

**MR. MULLKOFF:** Judge, I think that's a factual basis to both counts.

**THE COURT:** Is the government satisfied or do they have any questions?

**MS. SZUCS:** Your Honor, the government is satisfied, and I would just like to clarify that Count 1 is Conspiracy to Commit Health Care Fraud and Wire Fraud.

**MR. MULLKOFF:** That's correct.

**THE COURT:** A combination?

**MR. MULLKOFF:** Yeah.

**MS. SZUCS:** And one more question, Your Honor. Did you do all of this in the Eastern District of Michigan?

**THE DEFENDANT:** Yes.

**MS. SZUCS:** The government is satisfied, Your Honor.

**THE COURT:** I find that you have acknowledged that you are in fact guilty as charged in Count One and in Count Two; I find you know you have a right to trial and what the maximum punishment is; I find you are voluntarily pleading guilty. I take your plea of guilty under advisement. I do find though that it is free and voluntary, you understand the charge and penalty, and there is a factual basis for the plea.

I take it that since I have not accepted the plea you waive your right that you have to withhold the presentence investigation report?

**MR. MULLKOFF:** We're going to cooperate and be interviewed by the presentence officer.

**THE COURT:** Okay. I will get a presentence investigation report. Your lawyer will explain to you what that is. You will be expected to cooperate and be back here at the time and date for your sentencing.

I will expect a sentencing memorandum from the government as well as from your lawyer. I expect that the sentencing memorandum from the government will justify whatever sentence they ask the Court to impose and will also include a study of comparative offenses in the sentences imposed, particularly in this district.

Do you understand what I'm saying?

**MS. SZUCS:** Yes, Your Honor.

**THE COURT:** Thank you.

Do you have anything further?

**MS. SZUCS:** Yes, Your Honor. For purposes of the record in accordance with Rule 11, if we could please just cover that the defendant understands that, in addition to the imprisonment, the maximum possible penalty includes a fine as to each count, $250,000 or twice the peculiar loss or gain; that the maximum possible penalty also includes three years of supervised release; that the Court has the authority to order restitution; that the Court must impose a special assessment of $200; and that in determining the sentence the Court must consider the guidelines and the Rule 3553 factors; and finally, pursuant to the Sixth Circuit's recent decision in *Ataya* and Rule 11 that the defendant understands that consequences of his conviction may include adverse effects on his immigration status, his naturalized citizenship, his right to vote, right to carry a firearm, right to serve on a jury, and the ability to hold certain licenses or be employed in certain fields. The defendant understands that no one can predict to a certainty the effect that his conviction will have on his immigration status, but he nonetheless affirms that he chooses to plead guilty regardless of any immigration consequence or other collateral consequence of his conviction.

**THE COURT:** You heard what she said?

**THE DEFENDANT:** Yes.

**THE COURT:** Do you understand what she has said?

**THE DEFENDANT:** Yes.

**THE COURT:** Anything further, Mr. Mullkoff?

**MR. MULLKOFF:** No, Judge.

**THE COURT:** Thank you.

**MR. MULLKOFF:** Thank you.

**MS. SZUCS:** Thank you, Your Honor.

(Proceedings concluded at 11:22 a.m.)

\- - -

**C E R T I F I C A T I O N**

I certify that the foregoing is a correct transcription of the record of proceedings in the above-entitled matter.

s/ Sheri K. Ward
Sheri K. Ward
Official Court Reporter

6/18/2018
Date

\- - -