UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                          Case No. 2:17-cr-20467-AC-EAS
                                          Hon. Avern Cohn

ZAHIR SHAH,

        Defendant(s),

---

## DEFENDANT'S SUPPLEMENTAL SENTENCING MEMORANDUM

1. Objections to presentence report.

   Objection no.1: Presentence Report paragraph 14 contains claims of misconduct that Defendant Shah denies as unfounded and that he never conceded to or admitted in his guilty plea proceedings.

   While numerous allegations were asserted in the superseding indictment, Defendant at his guilty plea hearing only admitted to unlawfully taking kickbacks in exchange for patients being referred to him by third parties. Defendant requests that the following sentences be altered or deleted from the body of the presentence report, paragraph 14.

   First sentence should be rewritten to say: **Mr. Shah's co-conspirator Qadir admitted that he certified some of the beneficiaries for home health care without regard to medical necessity.**

   Fifth sentence is inaccurate and should be deleted. It reads: **Most patients were diagnosed with arthritis and general weakness, which did not warrant home health services.**

   The eighth sentence is inaccurate and should be deleted. It reads: **Shah instructed his employees to submit higher billing codes and limit patient visits to the minimum requirements needed for billing, even if it was a beneficiary who needed additional visits.**

The ninth sentence is inaccurate and should be stricken. It reads: **Shah also instructed employees to change patient notes to reflect a certain visit was conducted when in fact, it had not.**

The tenth sentence should be modified to remove the inaccurate final clause, the part that should be stricken reads: **and patients were asked to sign blank forms.**

2. Objection # 2, Presentence Report paragraph 15.

Paragraph 15 is inaccurate because it implies that Mr. Shah knowingly made claims that were medically unnecessary or were never provided. It is also inaccurate because it asserts that all claims billed and or paid by Medicare were procured through kickbacks or bribes.

The final sentence of paragraph 15 should be deleted. It reads: **The claims were procured through kickbacks and bribes, and included services that were medically unnecessary or purportedly provided, and therefore, ineligible for Medicare reimbursement.**

3. Objection # 3, Presentence Report paragraph 16.

Defendant denies an actual loss amount of $8,339,790.28. The government's premise in offering this amount is that every penny paid out by Medicare to Mr. Shah between 2007 and 2017 was based upon fraud. By pleading guilty to paying kickbacks to individuals who directed patients to Mr. Shah he has conceded wrongdoing. But, the government erroneously assumes that all of his patients come to him as a result of kickbacks being paid. That is simply untrue. Many of Mr. Shah's physical therapy patients came to him through direct referrals from treating physicians where no bribe or kickbacks were involved. It would be improper to lump these lawful untainted patient referrals in with others where a Medicare patient was referred by a person who was paid a kickback.

The government totals over $900,000 paid out to individuals by Mr. Shah over a 10-year period. Mr. Shah did not confine his physical therapy practice to treating Medicare patients only. He also provided physical therapy to other individuals such as accident victims. Payments of "referral fees" for bringing an injury patient for treatment does not violate the Medicare statute so long as Medicare is not being billed. Some of the individuals who received payments in government exhibit 12 brought both Medicare and auto accident patients to Mr. Shah. Only payments for Medicare patients can be considered in calculating lass amount.

It is not appropriate to conclude that the $900,000 plus figure in government exhibit 12 solely represents kickback payments as opposed to payment for other services. In fact, substantial sums represented payment for other services. It was commonplace for non-Medicare physical therapy patients to receive treatment at Mr. Shah's clinic. Many did not have transportation and Mr. Shah paid individuals to get patients to and from physical therapy appointments. Many of the patients did not speak English and some of those paid referral fees were also paid to attend home health care visits and provide translation services. Others were paid to do marketing by attending health fairs and promoting the physical therapy practice.

In establishing the loss amount to be attributed to Mr. Shah this Court should err on the side of caution and declare the appropriate loss amount to be under $550,000.

4. Objection # 5, Presentence Report paragraph 19. Defendant should be given three Points off for acceptance of responsibility, not two.

On March 30, 2018 Defendant was arraigned on the superseding indictment. On May 17, 2018 Defendant pled guilty. At the time the government filed their superseding indictment, the June 4, 2018 trial date had already been set. Now they argue that the third point off for acceptance of responsibility should not be granted. Given the government's 11th hour decision to file a superseding indictment, the guilty plea entered 47 days after the superseding indictment should not be viewed as dilatory or untimely. The government's complaint that Mr. Shah's failure to declare that he billed Medicare for services without regard for medical necessity should justify withholding the 3rd point for acceptance of responsibility is without merit. The government was satisfied with the factual basis at the plea hearing when Mr. Shah admitted to paying kickbacks and nothing more. Proof of wrongdoing beyond that was never admitted or proved to a jury. A three level reduction should be granted for acceptance of responsibility.

5. Objection # 7, Presentence Report paragraph 27. A four level enhancement for aggravating role in the offense should not apply.

Defendant was not an organizer or leader of a criminal activity involving 5 or more participants or which was otherwise extensive. The people who received payments as referral fees (kickbacks) were already in the field working with other home health care providers in the area and they approached Mr. Shah. Under these circumstances he should not be considered to be a leader.

This enhancement is described in USSG § 3B1.1(a) which states:

   (a) If the defendant was an organizer or leader of a criminal activity that

> Involved five or more participants or was otherwise extensive, increase by 4 levels.

The commentary to this guideline states that:

> A "participant" is a person who is criminally responsible for the commission of the offense.

In this case we can look to the superseding indictment to see who is alleged to be criminally responsible for the commission of the offense. Sana Kassab and Johnny Younan are identified as Medicare beneficiary recruiters who certified Medicare beneficiaries to receive home health care services (superseding indictment RE no. 24 at 6). Count 1 alleges that Mr. Shah conspired with Sana Kassab, Johnny Younan and Rizwan Qadir and others to commit this crime (RE 24 at 7). Count 2 alleges conspiracy to pay and receive health care kickbacks/ It alleges that Mr. Shah conspired with Sana Kassab, Johnny Younan and others to commit this crime (RE 24 at 11). So, the "participants" named in the indictment are Sana Kassab, Johnny Younan, Rizwan Qadir and Mr. Shah. What do we know about their involvement in Medicare fraud?

1. Rizwan Qadir pled guilty to a health care fraud conspiracy, a 10 year offense. The conspiracy charge asserts that:

> Rizwan Qadir, M.D. would offer and provide kickbacks, bribes, and other inducements to patient recruiters, including Johnny Younan, Aziza Cholak, Wafa Catcho, Mouyad Catcho, and others, in exchange for the patient recruiters referring Medicare beneficiaries to defendant Rizwan Qadir, M.D.

(E.D. of MI #15-CR-20807, RE 16 at 5).

2. Johnny Younan pled guilty to a health care fraud conspiracy, a 10 year offense. The conspiracy charge asserts that:

> Johnny Younan would incorporate JY Office Solutions in June 2010 and JY&M LLC in January 2013. Johnny Younan would offer and provide kickbacks, bribes, and other inducements to Medicare beneficiaries who were purported patients of Dr. Rizwan Qadir (Dr. Qadir). Dr. Qadir would bill Medicare for unnecessary services provided, or services not provided, to beneficiaries paid by Johnny Younan. Additionally, Dr. Qadir would refer non-homebound patients brought to him by Johnny Younan for home health services, which were billed to Medicare and which

4

were either never provided or medically unnecessary. Johnny Younan would offer and pay kickbacks and bribes in the form of cash to Medicare beneficiaries in exchange for their Medicare beneficiary information and/or for their receiving services from Dr. Qadir or from a home health agency. Johnny Younan also received payments from home health agencies in return for providing Dr. Qadir's home health referral.

(E.D. MI #15-CR 20592, RE 15, pp. 5-6)

Younan recruited patients and collected kickbacks from multiple home health care companies including Senior Link Home Care; Starlite Home Care; Mercy Home Care; Vital Signs Home Care; Healing Touch Home Care; Michigan Home Health Care (MHHC); Precious Home Health Care; On Pointe Home Care; Prompt Home Care; Nexus Home Health Care; Capital Home Health Care; and At Home Network, as well as Defendant Shah's company.

Younan first began working with Rizwan Qadir when the owners of Starlight introduced him to Qadir in 2009 or 2010 to recruit patients. Qadir began paying Younan $1,500 or $2,000 per month.

3. Sana Kassab pled guilty to a health care fraud conspiracy, a 10 year offense. The information alleged that she conspired with individuals who would incorporate and control three home health agencies in Oakland County, Michigan -Abacus, Orchard , and Universal – an outpatient physical therapy clinic in Wayne County, Michigan – U.S. Rehabilitation – and an outpatient physical therapy clinic with locations in Macomb County and Oakland County, Michigan – Optima – for the purpose of billing Medicare for purportedly providing in-home and outpatient physical therapy and other services to patients.

Sana Kassab would offer and pay kickbacks and bribes in the form of cash to Medicare beneficiaries who were purported patients of Abacus, Orchard, Universal, U.S. Rehabilitation, and Optima. The Medicare beneficiaries would receive cash and other remuneration in exchange for their beneficiary information and signatures on paperwork to make it appear that they had received home health and outpatient services, when, in fact, those services were not provided and were not medically necessary.

Sana Kassab would receive kickbacks and bribes from owners of Abacus, Orchard, Universal, U.S. Rehabilitation, and Optima for each patient she recruited through this kickback scheme.

5

(E.D. MI #13-20364, RE1, p 5-6).

Given the conspiracy described in count one and count two, Mr. Shah cannot be said to play a leadership role and no enhancement is justified.

## APPLICATION OF §3353 FACTORS

### Nature and Circumstances of the Offense

Defendant concedes that health care fraud is a serious offense.

### History of History and Characteristics of the Defendant

Defendant Shah is 49 years old and has no criminal record. He got his college degree in Pakistan in 1994 and came to the United States one year later on a work visa. He was granted permanent resident status one year later and became a citizen in 2004. He lives in Oakland County with his wife and four children. He has been a state licensed physical therapist for almost 20 years.

### The Need to Protect the Public from Defendant

Defendant poses no current or future threat to the safety of the public.

### The Need to Afford Adequate Deterrence

Any term of incarceration on federal criminal charges against a licensed physical therapist is sufficient to provide general and specific deterrence to Mr. Shah and others.

### This Need to Avoid Creating Unwarranted Sentence Disparities

The government charged Mr. Shah with conspiracy to commit wire and health care fraud and conspiracy to pay health care kickbacks. Three co-conspirators are named in the indictment – Sana Kassab, Dr. Rizwan Qadir, and Johnny Younan. Kassab was sentenced by Judge Steeh. Younan was sentenced by Judge Tarnow and Dr. Rizwan Qadir is scheduled to be sentenced by

Judge Tarnow on April 1, 2019. To follow the §3553 mandate to avoid unwarranted sentence disparities we should look closely at the cases of Kassab, Younan and Qadir.

**Sana Kassab**

Defendant/Co-conspirator Kassab pled guilty to an information charging conspiracy to commit health care fraud, an offense carrying up to 10 years imprisonment (Case No. 13-CR-20364). Her guideline range was found to be 37-46 months. They were calculated as follows:

| **Guideline Section** | **Description** | **Levels** |
|---|---|---|
| 2B1.1(a)(2) | Base Offense Level | 6 |
| 2B1.1(b)(1) | Intended Loss Greater Than $1,000,000 | 16 |
| 2B1.1(b)(10)(C) | Sophisticated Means | 2 |
| | Adjusted Offense Level | 24 |
| | Adjustment for Acceptance of Responsibility | -3 |
| | Total Offense score: | 21 |
| | Criminal History Category | I |
| | Guideline Range | 37-46 months |

Judge Steeh sentenced her to serve 24 months in prison.

**Johnny Younan**

Defendant/co-conspirator Younan pled guilty to a one count information charging conspiracy to commit health care fraud, an offense carrying up to 10 years (Case No. 15-CR-20592), His guideline range was found to be 46-57 months. They were calculated as follows:

| **Guideline Section** | **Description** | **Levels** |
|---|---|---|
| 2B1.1(a)(2) | Base Offense Level | 6 |
| 2B1.1(J) | Loss Amount > $3,500,000 | 18 |

7

| 2B1.1(b)(7) | Healthcare Fraud > $1,000,000 | 2 |
| | Adjusted Offense Level | 26 |
| | Adjustment for Acceptance of Responsibility | -3 |
| | Total Offense score: | 23 |
| | Criminal History Category | I |
| | Guideline Range | 46-57 months |

**Dr. Rizwan Qadir**

Defendant/co-conspirator Rizwan Qadir was permitted to pled guilty to one count of conspiracy to commit health care fraud, an offense carrying up to 10 years imprisonment (15-CR-20807).  His guideline range was found to be 70-87 months. They were calculated as follows:

| **Guideline Section** | **Description** | **Levels** |
| --- | --- | --- |
| 2B1.1 | Base Offense Level | 6 |
| 2B1.1(J) | Loss Amount >$3,500,00 | 18 |
| 2B1.1(b)(7) | Healthcare Fraud > $1,000,000 | 2 |
| 2B1.1(b)(10) | Sophisticated Means | 2 |
| 3B1.3 | Abuse of Position of Trust | 2 |
| | Adjusted Offense Level | 30 |
| | Adjustment for Acceptance of Responsibility | -3 |
| | Total Offense score: | 27 |
| | Criminal History Category | I |
| | Guideline Range | 70-87 months |

Dr. Rizwan Qadir is scheduled for sentencing before Judge Tarnow on April 1, 2019.

8

**CONCLUSION**

The Court should carefully consider the actual or anticipated sentences involving the three co-conspirators named in Mr. Shah's indictment, in an effort to fulfill the §3553 goal of avoiding unwarranted sentence disparities between individuals with similar records who have been found guilty of similar conduct.

A substantial variance below the advisory guidelines is called for to fashion a sentence that is sufficient but not greater than necessary to comply with the purposes set forth in paragraph 2 of §3553 (9).

                                                Respectfully submitted,

Dated: 2/25/2019                              /s/ Douglas R. Mullkoff
                                                Douglas R. Mullkoff
                                                Attorney for Defendant
                                                402 West Liberty
                                                Ann Arbor, Michigan 48103
                                                (734) 761-8585
                                                doug@kmhlaw.com
                                                (P33252)

**CERTIFICATE OF SERVICE**

| | |
|---|---|
| STATE OF MICHIGAN | ) |
|  | ) ss: |
| COUNTY OF WASHTENAW | ) |

I hereby certify that on the 25TH day of February, 2019, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Rebecca Szucs and Howard Locker at the U.S. Attorneys Office.

                                                /S/ Douglas R. Mullkoff
                                                Attorney for Defendant
                                                402 West Liberty
                                                Ann Arbor, Michigan 48103
                                                (734)761-8585
                                                doug@kmhlaw.com
                                                (P33252)